**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| WHAM-O HOLDING, LTD. and INTERSPORT CORP. d/b/a WHAM-O,<br><br>Plaintiffs,<br><br>v.<br><br>CHENGLIANG-US, et al.,<br><br>Defendants. | **FILED UNDER SEAL**<br><br>Civil Action No.<br>1:26-CV-04116-JPB |

**AMENDED [PROPOSED] PRELIMINARY INJUNCTION ORDER WITH THE EXCEPTION OF CERTAIN DEFENDANTS**

This matter comes before the Court following a hearing on Plaintiffs' Motion for Preliminary Injunction. The Court previously entered a Temporary Restraining Order, Asset Freeze Order and Order to Show Cause against all Defendants ("TRO") on September 4, 2026, Order [Dkt. #9]. The Court also authorized Plaintiffs to serve Defendants by electronic means pursuant to Federal Rule of Civil Procedure 4(f)(3), specifically by sending an email containing a link to a website that contains the relevant case documents to all known email addresses for each Defendant, including email addresses associated with their Seller Aliases on the online marketplaces. [Dkt. #10]. In conjunction with the TRO, the Court ordered Defendants to appear at a hearing to demonstrate good cause why a preliminary injunction should not be issued. [Dkt. #9]. On a showing of good cause, the Court extended the TRO through

October 2, 2026, and reset the hearing for October 1, 2026, at 9:30 A.M. [Dkt. #13]. The hearing on Plaintiffs' motion for preliminary injunction was held via zoom on October 1, 2026, at 9:30 A.M.

All Defendants[1], having been provided with proper notice of the Complaint, TRO and Preliminary Injunction Hearing in accordance with the Court's Order authorizing alternative service, failed to show good cause why a preliminary injunction should not be issued against them. Through the preliminary injunction hearing and Plaintiffs' associated motion papers, Plaintiffs have established:

a) A substantial likelihood of success on the merits of their trademark infringement claims given that:

   i) Plaintiff Wham-O Holding, Ltd. owns U.S. Registration Nos. 7,730,000 and 7,730,001 for BOOGIE BOARD and U.S. Registration Nos. 2,496,140 and 4,003,453 for BOOGIE (collectively, the "BOOGIE BOARD Marks"), and Plaintiff Intersport Corp. d/b/a Wham-O is the exclusive licensee of the BOOGIE BOARD Marks;

   ii) the products advertised and offered for sale by Defendants through virtual storefronts on Amazon.com, Inc. ("Amazon"), WhaleCo Inc. d/b/a Temu ("Temu") and Walmart, Inc. ("Walmart") (each a

[1] This Order shall apply to each of the Defendants identified in Schedule A appended hereto, with the exception of four (4) Defendants who appeared at the October 1, 2026 hearing and are identified as "EXCEPTED" in Schedule A.

"Marketplace" and, collectively, the "Marketplaces") bearing unauthorized reproductions, counterfeits, copies or colorable imitations of one or more of the BOOGIE BOARD Marks (the "Infringing Products") are not authorized by Plaintiffs and are not genuine;

iii) Defendants are using spurious marks that are identical with or substantially indistinguishable from one or more of the BOOGIE BOARD Marks or colorable imitations of the BOOGIE BOARD Marks in commerce on or in connection with the advertising, offering for sale and/or sale of Infringing Products; and

iv) Defendants' use of the BOOGIE BOARD Marks or colorable imitations of the BOOGIE BOARD Marks on or in connection with the advertising, offering for sale and/or sale of infringing products is likely to cause consumer confusion, mistake or deception as to the source or origin of the infringing products.

v) Defendants are offering for sale and selling goods bearing unauthorized reproductions or counterfeits of one or more of the BOOGIE BOARD Marks, or marks that are confusingly similar to one or more of the BOOGIE BOARD Marks;

vi) Plaintiffs have not authorized Defendants to use, display or apply any of the BOOGIE BOARD Marks on or in connection with any goods or

services, or to manufacture, import, distribute, advertise, offer for sale or sell any goods bearing any of the BOOGIE BOARD Marks;

b) Plaintiffs will suffer irreparable harm if the injunction does not issue in light of the rebuttable presumption of irreparable harm set forth in 15 U.S.C. § 1116(a). Moreover, the continued sale of infringing products by Defendants threatens Plaintiffs with the loss of control of their reputation and the loss of considerable goodwill they have established with consumers.

c) The balance of the harms weighs in favor of granting the injunction given that the threatened injury to Plaintiffs' reputation and goodwill absent an injunction outweighs any potential financial harm that Defendants may suffer as a result of the injunction.

d) The requested injunction would serve the public interest. Avoidance of consumer confusion is always in the public interest, particularly when consumers are being misled as to the source, quality and composition of infringing products, many of which do not comply with applicable product safety, manufacturing or labeling requirements.

Accordingly, Plaintiffs have established to the satisfaction of this Court that equitable relief in the form of a preliminary injunction is warranted, and Defendants have failed to show good cause why a preliminary injunction should not issue.

Therefore, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Preliminary Injunction is **GRANTED** as to all Defendants as follows:

a) For the duration of this action, each Defendant, its officers, directors, employees, agents, subsidiaries, distributors and all persons in active concert or participation with any Defendant having notice of this Order is hereby ordered to:

i) cease and refrain from manufacturing, importing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring or otherwise disposing of any infringing products;

ii) cease and refrain from manufacturing, advertising, offering to sell, selling, reproducing or distributing any goods bearing the BOOGIE BOARD Marks, or any confusingly similar marks, other than genuine products manufactured or distributed by Plaintiffs or expressly authorized by Plaintiffs;

iii) cease and refrain from destroying, selling off, transferring or otherwise disposing of any documents, electronically stored information or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution or transfer of any infringing products;

iv) cease and refrain from using the BOOGIE BOARD Marks on or in connection with any virtual storefront that any Defendant may own, operate or control on any Marketplace;

v) cease and refrain from any and all use of the BOOGIE BOARD Marks on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory or any other form of use of such terms that is visible to a computer user or serves to direct computer searches to virtual storefronts registered, owned or operated by any Defendant on any Marketplace; and

vi) cease and refrain from altering, disabling, closing or transferring ownership of any virtual storefront on any marketplace during the pendency of this action or until further order of the Court.

b) For the duration of this action, each Defendant must preserve all documents and electronically stored information arising from or related to its sale, offer for sale, distribution and advertising of infringing products through its virtual storefronts located on the Marketplaces.

c) For the duration of this action, all Financial Institutions (as defined in Plaintiffs' motion) that receive actual notice of this Order shall continue to attach and freeze all funds in any accounts owned, controlled, utilized by or associated with Defendants and otherwise prohibit the transfer of any funds

out of any such accounts and divert any frozen funds and any additional funds that may be transferred into the accounts into a holding account at the Marketplace or the respective Financial Institution for the benefit of the Court, with such frozen funds and/or holding accounts being held, maintained and/or located exclusively within the United States.

d) No funds restrained by this Order shall be transferred or surrendered by any Financial Institution or Marketplace for any purpose (other than pursuant to a chargeback made pursuant to its security interest in the funds) without the express authorization of the Court.

e) For the duration of this action and upon receipt of actual notice of this Order, each Marketplace on which a Defendant maintains a virtual storefront or account shall continue to freeze all funds held or received by the marketplace for any Defendant's benefit, disable each Defendant's virtual storefronts on the Marketplaces and any accounts associated with each Defendant, and cease providing any services to Defendants.

f) Plaintiffs may notify the marketplaces and Financial Institutions of this Order by electronic means, including by electronic mail.

g) This Order shall remain in effect for the duration of this action and until such time as a final judgment is entered.

h) This Order shall apply to Defendants, their associated virtual storefronts on the marketplaces, and any other websites, domain names, seller identification names, e-commerce stores or Financial Institution accounts that are being used by Defendants, their officers, agents, employees, attorneys and all persons in active concert or participation with any of them, for the purpose of advertising, offering for sale and selling any infringing products at issue in this action and/or unfairly competing with Plaintiffs.

i) The Court's previous Temporary Restraining Order, Asset Freeze Order and Order to Show Cause [Dkt. #9] is dissolved and is replaced by this Preliminary Injunction Order, which is hereafter in effect.

**SO ORDERED** this ______ day of ______________, 2026.

______________________________________

**J. P. BOULEE**
**United States District Judge**

# SCHEDULE A

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 1 | CHENGLIANG-US | Amazon | A318GCS80L6TLC |
| 2 | EXCEPTED | EXCEPTED | EXCEPTED |
| 3 | EKEPE Offical Store | Amazon | A8YOQ1O9GOG59 |
| 4 | EXCEPTED | EXCEPTED | EXCEPTED |
| 5 | HanHai Ltd | Amazon | A3S6N02BGDWZ5N |
| 6 | iRookie | Amazon | A31OZLXJIVBVYZ |
| 7 | EXCEPTED | EXCEPTED | EXCEPTED |
| 8 | Lianwo | Amazon | A2C8FN52JK50RD |
| 9 | Mellbree | Amazon | A32Q5BUTENIGK4 |
| 10 | RUIRUI-HOME | Amazon | A21FVR7Z6VCH5L |
| 11 | Rying US | Amazon | A1D3ZGK7Q20JU |
| 12 | SUNSHINEMALL | Amazon | A8JW9QX4YRUC8 |
| 13 | TBRM ZKJ | Amazon | A1WMI7LK98Y3X3 |
| 14 | winwin-business-center | Amazon | A2G80HWHDMYHLS |
| 15 | A very nice little shop. | Walmart | 102897276 |
| 16 | AI Lop | Walmart | 102819235 |
| 17 | Aybek ltd. | Walmart | 102523236 |
| 18 | bdrzzee | Walmart | 102542769 |
| 19 | BenBoBa Store | Walmart | 102772610 |
| 20 | bengbushihuixiangdianzi | Walmart | 102822392 |
| 21 | BraveTiger | Walmart | 102761097 |
| 22 | CalmVibe | Walmart | 102670650 |
| 23 | dangshanxinnandianzishangwu | Walmart | 102860123 |
| 24 | Dnzceghtig | Walmart | 101648022 |
| 25 | eqikong.co | Walmart | 102769762 |
| 26 | fanggeziqi | Walmart | 101652879 |
| 27 | FloreceBien | Walmart | 101647926 |
| 28 | gestaone | Walmart | 102767797 |
| 29 | Gseagtia | Walmart | 101647625 |
| 30 | habeistore | Walmart | 102889179 |
| 31 | He Lin charm trade | Walmart | 101523304 |
| 32 | jiaxinzhuoyuewenhuachuanmei | Walmart | 102751083 |
| 33 | Kayawa | Walmart | 101668621 |

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 34 | laika668 | Walmart | 101623269 |
| 35 | Laxazopa | Walmart | 102495335 |
| 36 | LE66YE | Walmart | 102748688 |
| 37 | Lxtensivyl | Walmart | 101686252 |
| 38 | Manruonan Trading Co., Ltd. | Walmart | 101686336 |
| 39 | Mazhenwei | Walmart | 102766320 |
| 40 | Mzkdieey | Walmart | 102666518 |
| 41 | Puniama | Walmart | 101599347 |
| 42 | Qianqianjingpin | Walmart | 101640872 |
| 43 | Qijianjun | Walmart | 102819480 |
| 44 | Rabatt Co.Ltd | Walmart | 101618535 |
| 45 | Ruoxuwanju | Walmart | 102900029 |
| 46 | SYNCFUN | Walmart | 101448285 |
| 47 | TaiYuanYan | Walmart | 102847862 |
| 48 | Trireines | Walmart | 101579011 |
| 49 | VOUVOU | Walmart | 101607824 |
| 50 | WAIHE Co.Ltd | Walmart | 101680464 |
| 51 | Wang Chen | Walmart | 102809032 |
| 52 | WarmthHome | Walmart | 102492527 |
| 53 | wm12 | Walmart | 102793813 |
| 54 | xilaijufangdichanjingji | Walmart | 102756813 |
| 55 | Xuanyuanwu | Walmart | 102844159 |
| 56 | Yabuwanju | Walmart | 102617600 |
| 57 | yangmao | Walmart | 102643503 |
| 58 | YongRu Co.Ltd | Walmart | 101669658 |
| 59 | yuanjinshangmao | Walmart | 102539800 |
| 60 | ZAIWEN Co.Ltd | Walmart | 102482177 |
| 61 | zhanjun yan | Walmart | 102860292 |
| 62 | zhongrenwang | Walmart | 101638703 |
| 63 | Aizhenqiu | Temu | 634418224221072 |
| 64 | BJWADEGTB | Temu | 634418223562475 |
| 65 | caihaohaodian | Temu | 634418223575881 |
| 66 | Comk Cottage | Temu | 634418224240478 |
| 67 | datouac | Temu | 634418224288677 |
| 68 | GAOXJ | Temu | 634418224162291 |
| 69 | huanshanglun | Temu | 634418224476489 |

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 70 | jkvvvbnnn | Temu | 634418223840441 |
| 71 | JunNingTradeQ | Temu | 634418224030224 |
| 72 | KSPDS | Temu | 634418220131840 |
| 73 | lanhuiwei | Temu | 634418224586855 |
| 74 | LeapMotion | Temu | 634418224222432 |
| 75 | LIANGXIA | Temu | 634418223583992 |
| 76 | EXCEPTED | EXCEPTED | EXCEPTED |
| 77 | linhongqqq | Temu | 634418224016903 |
| 78 | Maimaitongshop July | Temu | 634418224384215 |
| 79 | QBSRHZ | Temu | 634418218278381 |
| 80 | rbfskvvvfv | Temu | 634418223300884 |
| 81 | Sfmyori | Temu | 634418218751552 |
| 82 | ShanSational | Temu | 634418223588907 |
| 83 | SUNJH | Temu | 634418224162749 |
| 84 | SUNJX | Temu | 634418223970833 |
| 85 | TCSLVW | Temu | 634418224168446 |
| 86 | twuzon | Temu | 634418223792645 |
| 87 | Vitaguo market | Temu | 634418223930678 |
| 88 | Xewfgyj | Temu | 634418218509628 |
| 89 | xiaojiayou | Temu | 634418224457686 |
| 90 | Xingguangshop Spring | Temu | 634418223229278 |
| 91 | xubingzahuopu | Temu | 634418223589775 |
| 92 | xugangzahuopu | Temu | 634418224166462 |
| 93 | yiyesshop June | Temu | 634418224320497 |
| 94 | yu bao zi sport | Temu | 634418225114959 |
| 95 | YUFENGW | Temu | 634418222359099 |
| 96 | ZHANGWL | Temu | 634418224329290 |
| 97 | ZHAOJL | Temu | 634418224154920 |
| 98 | zhuliangliang | Temu | 634418223100590 |